## DECEMBER TERM, 1842.

### W. M. Gwin *v.* B. D. Harris.

*Applications to set aside pro confessos* are addressed to the discretion of the Court, upon the circumstances of each particular case ; and will, as a general rule, be granted, if not productive of injurious delay, and the applicant has not been culpably negligent.

G. filed his bill against H., a non-resident, and, upon proof of publication of notice, took his bill for confessed ; H. applied for leave to answer, stating that he knew of the pendency of the bill, but his counsel informed him no answer would be needed ; as soon as he learned a *pro confesso* had been entered against him, he came to the State, to have it set aside ; the cause was not in a state for final hearing, for want of further evidence, on the part of the complainant ; *held,* that the *pro confesso* should be set aside, and the answer filed, upon the payment of all costs by the defendant.

An application was made in this case, upon affidavits, to set aside a *pro confesso,* entered at a former day of the term against the defendant.

*Hughes,* for the motion.

*W. Yerger,* contra.

Chancellor.    This case was submitted upon an application to set aside a *pro confesso* taken at the last January term of this Court, and for leave to file an answer, which is now offered.    The defendant is a non-resident, and the *pro confesso* was based upon the execution of an order of publication.    The defendant shows, that he was advised of the existence of the bill enjoining his judgment at law, by his counsel, who stated to him that it was unnecessary to answer the bill, as the injunction would be dissolved for want of equity.    That as soon as he learned that a *pro confesso* had been taken, he repaired to this State, for the purpose of defending the suit.    The question is, whether, under these circumstances, the defendant is entitled to the favor he asks.    It is a sound and salutary rule of practice, to hold parties to a suit to reasonable diligence in their preparation for trial, and to make them suffer the consequences of their neglect.    But rules of this kind are intended for the furtherance of justice, and must not be so applied as to defeat the end of their institution.    They must have a just and reasonable

application, guided by a sound discretion, exercised upon the features of each particular case.

In the case of *Beckman* v. *Peck*, 3 John. Ch. Rep. 415, Chancellor Kent, on affidavits, set aside a decree which had been taken by default, and enrolled for several months, perpetuating an injunction, and allowed an answer to be filed. It is clear, in this case, that a final decree cannot be rendered for the complainant, without further evidence. The complainant does not positively deny notice to him as indorser, and his whole ground for relief rests upon the question, whether he was charged with notice or not. To let the defendant in to a defence, cannot, therefore, materially delay the progress of the case. These applications are addressed to the sound discretion of the Court ; and where it is apparent that no injurious delay can result to the opposite party, the purposes of justice seem to demand, that the party in default should be admitted to a hearing, before his rights are finally adjudged, unless he has precluded himself by a culpable neglect of his interests. I do not think that the defendant, in this case, is chargeable with such neglect. He appears to have been misled by the erroneous advice of his former counsel. Let the *pro confesso* be set aside, and the answer filed, upon payment of all costs up to this time.